IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ROBERT LEON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CAUSE NO. 2:14-CV-339 |
| | ) |
| DET. GREGORY TATUM, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Robert Leon, a *pro se* prisoner, filed a complaint under 42 U.S.C. § 1983. (DE 1.) Leon is an inmate at the Lake County Jail. While confined awaiting trial, Leon claims the defendants conducted a search of his home, and various items were lost or damaged. Leon seeks compensation for the loss of his carpenter tools that were inside the home prior to the search.

I must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. To survive dismissal, the complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 603. Thus, the plaintiff "must do better than putting a few words on paper that, in the hands of an imaginative reader, might suggest that

something has happened to her that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010). Nevertheless, I must bear in mind that "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Section 1983 affords citizens a private cause of action against those acting under the color of law who deprive them of their constitutional rights. 42 U.S.C. § 1983. Here, Leon alleges that the defendants violated his Fourteenth Amendment rights when they deprived him of his property.[1] Specifically, Leon alleges various items were damaged during the search of his home and that the defendants did not secure his home following the search. As a result, Leon's carpenter tools have been lost.[2] He brings this lawsuit solely to be reimbursed for the loss of those tools. (DE 1 at 5.)

Though the Fourteenth Amendment provides that state officials shall not "deprive any person of life, liberty, or property, without due process of law," there is no due process violation where a state provides an adequate post-deprivation remedy. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) ("an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process

---

[1] Leon also makes a passing reference to a Fifth Amendment violation, but then alleges no facts whatsoever to support that claim. That is the type of implausible claim that must be dismissed under *Bissessur*, 581 F.3d at 602-03.

[2] Leon does not specify whether the defendants destroyed the carpenter tools, seized them, or allowed a third party to take them due to the home not being properly secured following the search. However, this is immaterial for resolving Leon's section 1983 claims against defendants. Leon brings a claim for the loss of the tools, which is a property loss claim no matter how the loss occurred.

Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available") This extends to personal property losses that result from the search of a home. *Oney v. Nennig,* Case No. 97-2075, 1998 WL 123114, * 5 (7th Cir. March 3, 1998).

Indiana's tort claims act (INDIANA CODE § 34-13-3-1 *et seq.*) and other laws provide an adequate post-deprivation remedy to redress state officials' accidental or intentional deprivation of a person's property by affording state judicial review of property losses caused by government employees. *See Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) ("Wynn has an adequate post-deprivation remedy in the Indiana Tort Claims Act, and no more process was due.") Here, Leon's complaint solely seeks to be reimbursed for the intentional deprivation of his carpenter tools. Since the state offers adequate post-deprivation remedies, and since Leon presents no other claims redressable under Section 1983, Leon has failed to state a claim and his matter will be dismissed without prejudice.

For these reasons, the court **DISMISSES** the action **WITHOUT PREJUDICE**.

**SO ORDERED**.

ENTERED: April 28, 2015                    s/Philip P. Simon
                                           Chief Judge
                                           United States District Court